IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, (TDCJ-CID #1208024) Petitioner, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. H-18-1636 |
| LORIE DAVIS, Respondent. | § § § | |

## MEMORANDUM AND OPINION

Petitioner, Peter J. Smith, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive.

Smith challenges a conviction imposed in Cause Number 923412 for aggravated robbery, in the 174th Judicial District Court of Harris County, Texas. On June 27, 2011, Smith filed a federal petition for a writ of habeas corpus, Civil Action Number 4:11-2424, collaterally attacking his 2003 conviction for aggravated robbery. On September 27, 2011, this Court dismissed Smith's claims as time-barred. On May 18, 2018, this Court received Smith's most recent federal habeas petition challenging his conviction in Cause Number 923412.

A district court may raise on its own the issue of whether a habeas corpus petition is successive. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This Court dismissed Smith's earlier federal petition, Civil Action Number 4:11-2424, as time-barred. A case dismissed as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence successive. *See In re Flowers,* 595 F.3d 204 (5th Cir. 2009). This

Court lacks jurisdiction to consider Smith's petition as it is a "successive" application governed by 28 U.S.C. § 2244(b)(3)(A) (1998), which requires that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. The statute states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Before Smith can file a second or successive application in this Court, he must file a motion for an order authorizing this Court to consider his successive application in the United States Court of Appeals for the Fifth Circuit. There is no indication that the United States Court of Appeals for the Fifth Circuit has authorized this Court to consider Smith's successive application. This Court lacks jurisdiction to consider Smith's habeas claims.

Smith's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. Smith's Motion to Proceed *in Forma Pauperis,* (Docket Entry No. 2), is GRANTED. Smith's Motion for Evidentiary Hearing, (Docket Entry No. 3), is DENIED. Any remaining pending motions are DENIED as moot.

No Certificate of Appealability will issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of

Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Smith has not made the necessary showing. A Certificate of Appealability is DENIED.

SIGNED at Houston, Texas, on May 23, 2018.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE